Samuel Ungar, Esq. Corporation Counsel, City of Long Beach
Mr. Rogak of your office has asked whether a city police officer may arrest a person who violates a local ordinance in the presence of the officer. As an example, you have explained that a police officer might observe a pedestrian playing a portable radio at a volume in violation of city noise regulations. Upon request, the person refuses to lower the volume and the officer requests identification in order to issue a summons. Upon the subject's refusal to identify himself, you ask whether the officer has authority to make an arrest.
Section 140.10 of the Criminal Procedure Law governs arrests without a warrant by a police officer. A police officer may arrest a person for "[a]ny offense when he has reasonable cause to believe that such person has committed such offense in his presence" (§ 140.10 [1]). In the case of a petty offense, the arrest may be made only if the offense was committed or believed by the officer to have been committed within the geographical area of his employment and the arrest must be made in the county in which the offense was committed except where the police officer makes the arrest in continuous close pursuit as provided by law (Criminal Procedure Law, § 140.10 [2]). "Offense" is defined as conduct for which a sentence to a term of imprisonment or to a fine is provided by State law or local laws and regulations of a political subdivision of the State (Penal Law, § 10.00 [1]). The term "offense" encompasses minor infractions up to and including serious crimes.
Thus, where a police officer observes the violation of the city's noise regulations which is punishable by fine or imprisonment, he is authorized under section 140.10 of the Criminal Procedure Law to make an arrest without a warrant. We note that upon an arrest without a warrant, a police officer must without unnecessary delay bring the arrested person before a local criminal court and file an appropriate accusatory instrument charging him with the appropriate offense (Criminal Procedure Law, § 140.20 [1]). Alternatively, with respect to the above-described violation of the city's noise regulations, the police officer may issue and serve an appearance ticket upon the arrested person and release him from custody (id., §§ 140.20 [2], 150.20). The police officer who has issued and served the appearance ticket must, at or before the time the appearance ticket is returnable file with the local criminal court in which the ticket is returnable, an accusatory instrument charging the named person with the appropriate offense (id.,
§ 150.50). If the defendant does not appear in the designated local criminal court on the return date of the appearance ticket, the court may issue a summons or a warrant of arrest based on the accusatory instrument filed (id., § 150.60).
We conclude that a police officer who has witnessed a violation of a city's noise regulations has authority to arrest the individual without a warrant.